**KESSELMAN BRANTLY STOCKINGER LLP**
Majed Dakak (271875)
*mdakak@kbslaw.com*
Ryan Davis (SBN 308557)
*rdavis@kbslaw.com*
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, CA 90266
Phone: (310) 307-4555 | Fax: (310) 307-4570

*Attorneys for Plaintiff,*
UMIT ASLAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UMIT ASLAN, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON.COM SERVICES LLC, a Delaware limited liability company, AMAZON.COM, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-02141-MEMF-SP

[Hon. Maame Ewusi-Mensah Frimpong]

**FIRST AMENDED COMPLAINT FOR:**

1. **PUBLIC INJUNCTIVE RELIEF FOR VIOLATION OF CAL. BUS. & PROF. CODE §17200, *ET SEQ.*; AND**
2. **CLASS ACTION RELIEF FOR VIOLATION OF CAL. BUS. & PROF. CODE §16600, *ET SEQ.***

**Demand for Jury Trial**

Complaint Filed: January 28, 2026
Removal: February 27, 2026
Trial Date: To be set

Plaintiff UMIT ASLAN ("Plaintiff") hereby submits this Complaint on behalf of himself and, for the Second Cause of Action, also on behalf of other similarly situated current and former employees, against Defendants Amazon.com Services LLC and Amazon.com Inc. (collectively, "Amazon" or "Defendants") and DOES 1 through 10 as follows:

**PARTIES**

1. Plaintiff is a resident of Los Angeles County, California.

2. Plaintiff brings Cause of Action No. 2 – for Violation of California Business and Professions Code §16600, *et seq*. – on behalf of himself and the following proposed class and subclass:

a. A proposed class of all persons who both were at any point employed in California by Defendants during the period of time from January 28, 2022 through trial of this action and whose employment-related contracts in effect during their California employment included unlawful non-solicitation provisions (the "Class"); and

b. A proposed subclass of all persons who were at any point employed in California by Defendant at any time on or after January 1, 2022 and whose employment-related contracts in effect during their California employment included unlawful non-solicitation provisions, but who did not receive notice by February 14, 2024 from Defendants that the non-solicitation provisions in their employment-related contracts were void (the "Notice Subclass").

3. Amazon.com Services LLC is a Delaware limited liability company that operates throughout the United States, including in California.

4. Amazon.com Inc. is a Delaware corporation that operates throughout the United States, including in California.

5. The true names or capacities, whether individual, associate or otherwise,

of Doe Defendants 1-10, inclusive, are unknown to Plaintiff and, therefore, Plaintiff sues these Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. Each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and Plaintiff's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this Court because Plaintiff worked for Defendants in Los Angeles County and resides in California, Defendants were doing business in Los Angeles County at all times relevant herein, and the parties' Confidentiality and Invention Assignment Agreement (the "Agreement") requires all disputes to be litigated in court in the County in which Plaintiff worked for Defendants. Additionally, the Agreement at issue in this action includes a provision that states any dispute arising under, or relating to, the Agreement shall be governed by the laws of the state where the dispute arose.

## GENERAL ALLEGATIONS

7. Plaintiff began working for Defendant in or about April 2022.

8. On or about April 3, 2022, Plaintiff signed Defendants' offer letter, which included an Appendix consisting of the Agreement. A copy of the offer letter and its Appendix is attached hereto as **Exhibit 1**.

9. Plaintiff was employed by Defendants until approximately April 2025.

## CLASS ACTION ALLEGATIONS

10. Solely on his Second Cause of Action, Plaintiff seeks to represent the following **class and subclass**:

a. A proposed class of all persons who both were at any point employed in California by Defendants during the period of time from January 28, 2022 through trial of this action and whose

employment-related contracts in effect during their California employment included unlawful non-solicitation provisions (the "Class"); and

b. A proposed subclass of all persons who were at any point employed in California by Defendants at any time on or after January 1, 2022 and whose employment-related contracts in effect during their California employment included unlawful non-solicitation provisions, but who did not receive notice by February 14, 2024 from Defendants that the non-solicitation provisions in their employment-related contracts were void (the "Notice Subclass").

11. Plaintiff reserves the right to amend or modify the Class and Notice Subclass descriptions, including by division into further subclasses or limitation to particular issues. California Rule of Court 3.765(b).

12. **Commonality**: This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the Court.

13. **Ascertainable Class**: The proposed Class and Notice Subclass are both ascertainable because they can be identified and located using Defendants' personnel records and because Defendants have a common practice of including non-solicitation clauses in the employment contracts of its employees.

14. **Numerosity**: The potential members of the Class and Notice Subclass as defined are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit the parties and this Court. The number of Class members are unknown to Plaintiff, but is estimated to consist of at least tens of thousands of members, if not more than 100,000 members. The number and identity of members can be readily ascertained using Defendants' records.

15. **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class and Notice Subclass because all members of the Class and Notice Subclass sustained similar injuries and damages caused by Defendants' common course of conduct in violation of law.

16. **Adequacy**: Plaintiff is an adequate representative of the Class and Notice Subclass, will fairly protect the interests of the Class and Notice Subclass members and have no interests antagonistic to them, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large employment law class actions.

17. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class and Notice Subclass Members is not practicable, and questions of law and fact common to the Class and Notice Subclass predominate over questions affecting only individual Class and Notice Subclass Members. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that precludes its maintenance as a class action.

18. The predominating common questions of law and fact include:

a. Whether Defendants have a policy or practice of including non-solicitation provisions in their employment-related contracts;

b. Whether said non-solicitation provisions are unlawful under California Business and Professions Code Section 16600, *et seq.*;

c. Whether Defendants sent the required void notices to the Notice Subclass by February 14, 2024;

d. Whether the Class is entitled to damages as a result of the inclusion of unlawful non-solicitation provisions in their employment-related contracts; and

e. Whether the Class is entitled to injunctive relief enjoining

Defendants from enforcing unlawful non-solicitation provisions in their employment-related contracts; and

f. Whether the Notice Subclass is entitled to injunctive relief requiring Defendants to notify the Notice Subclass that their non-solicitation provisions in their contracts are void and unenforceable.

**FIRST CAUSE OF ACTION**

**(Violation of Cal. Bus. & Prof. Code § 17200, *et seq*. – By Plaintiff Against Defendants)**

19. Plaintiff hereby incorporates by reference and reallege all preceding paragraphs of this complaint as if fully set forth herein.

20. California Business and Professions Code Section 17200 states in pertinent part: "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice…."

21. As set forth below, Defendants have violated both the unlawful and unfair prongs of Section 17200.

22. California Business and Professions Code Section 16600 states in part that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

23. The Agreement includes non-solicitation provisions that are void under Section 16600.

24. Additionally, California Business and Professions Code Section 16600.1 makes it unlawful to include a non-compete clause in an employment contract. In furtherance of this, Section 16600.1 required employers, by February 14, 2024, to notify any current employees, or former employees who were employed after January 1, 2022, to notify said current or former employees if any non-compete clause in their employment contract was void. Section 16600.1 specifically makes a violation of this requirement an act of unfair competition under Business and Professions Code Section

17200, et seq.

25. Defendants did not provide notice to Plaintiff that the non-solicitation provisions in the Agreement are void.

26. Defendants have engaged in unlawful business acts by including the non-solicitation provisions in the Agreement and failing to notify Plaintiff by February 14, 2024 that the non-solicitation provisions in his Agreement are void.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants have similarly included the non-solicitation provisions, or substantially similar provisions, in the contracts of other members of the public employed by Defendants in California and have not advised them that such provisions are void. Therefore, Plaintiff seeks injunctive relief (a) notifying all current and former California employees who worked for Defendants and had an unlawful non-solicitation provision in their contracts that such provisions are void and unenforceable, and (b) on behalf of the public enjoining Defendants from including and/or attempting to enforce such provisions in the contracts of their (current or future) California employees in the future.

28. Plaintiff also seeks his attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**(Violation of Cal. Bus. & Prof. Code § 16600, *et seq*. – By Plaintiff and each Member of the Class and Notice Subclass Against Defendants)**

29. Plaintiff hereby incorporates by reference and reallege all preceding paragraphs of this complaint as if fully set forth herein.

30. With a few statutory exceptions, California Business and Professions Code Section 16600 voids any contract, no matter how narrowly tailored, by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind. Courts have applied this to void not only explicit non-compete clauses, but also non-solicitation provisions and confidentiality provisions.

31. California Business and Professions Code Section 16600.5 makes it

unlawful for an employer to enter into a contract with an employee that includes a provision that is void under Section 16600, *et seq*. Section 16600.5 also creates a cause of action for current, former, and prospective employees in which such a person may enforce Section 16600, *et seq*. through injunctive relief, actual damages, and the recovery of attorney's fees and costs.

32. The Agreement includes a non-solicitation provision, which states:

> During employment and for 18 months after the Separation Date, Employee will not, directly or indirectly, whether on Employee's own behalf or on behalf of any other entity (for example, as an employee, agent, partner, or consultant) use any Confidential Information to: (a) solicit business from any Customer of any product or service that Employee worked on or supported, or about which Employee obtained or received Confidential Information; or (b) encourage any Customer or Business Partner to cease doing business with Amazon or to terminate or limit an existing relationship or arrangement with Amazon. For purposes of this Agreement, "Customer" means any individual or entity that was a customer or client of Amazon during Employee's employment, or with which Amazon engaged in discussions before the Separation Date related to the possibility that such party might become a customer or client of Amazon, and "Business Partner" means any individual or entity with which, before the Separation Date, Amazon was involved in any business arrangement or engaged in discussions regarding the possibility of entering into such an arrangement. The provisions of this Section 4.3 will not in any way limit Employee's obligations of confidentiality as set forth in Section 3.1 above.

33. The Agreement includes a no-solicitation of employes, contractors, or consultants provision (titled "Non-Interference"), which states:

> During employment and for 12 months after the Separation Date, Employee will not, directly or indirectly, whether on Employee's own behalf or on behalf of any other entity (for example, as an employee, agent, partner, or consultant): (a) solicit or otherwise encourage any employee, contractor, or consultant of Amazon ("Amazon Personnel") to terminate any employment or contractual relationship with Amazon; (b) disclose information to any other individual or entity about Amazon Personnel that could be used to solicit or otherwise encourage Amazon Personnel to form new business relationships with that or another individual or entity; or (c) otherwise interfere with the performance by current or former Amazon

Personnel of their obligations or responsibilities to Amazon. Nothing in this Section 4.4 restricts Employee from exercising rights protected under the National Labor Relations Act.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants included these provisions, or provisions substantially similar to these provisions, in the employment-related contracts of the Class.

35. These provisions act as de facto non-competes in that they restrain Plaintiff from engaging in his profession.

36. Plaintiff and the Class have been harmed by Defendants' inclusion of the non-solicitation provisions in their employment-related contracts, including via wage suppression caused by inclusion of the non-solicitation provisions, in an amount to be determined at trial.

37. Plaintiff seeks injunctive relief, on behalf of himself and the Class, prohibiting Defendants from seeking to enforce the non-solicitation provisions it includes in its employment-related contracts.

38. Additionally, California Business and Professions Code Section 16600.1 required employers, by February 14, 2024, to notify any current employees, or former employees who were employed after January 1, 2022, to notify said current or former employees if any non-compete clause in their employment contract was void.

39. Defendants failed to comply with California Business and Professions Code Section 16600.1 by failing to notify Plaintiff by February 14, 2024 that the non-solicitation provisions are void.

40. Plaintiff is informed and believes, and thereon alleges, that Defendants have similarly included the non-solicitation provisions, or substantially similar provisions, in the contracts of the Notice Subclass but have not advised the Notice Subclass that such provisions are void.

41. Plaintiff and the Notice Subclass have been harmed by Defendants' failure to give notice that the non-solicitation provisions are void, including via wage suppression caused by failure to notify Plaintiff and the Notice Subclass that the non-

solicitation provisions are void, in an amount to be determined at trial.

42. Plaintiff and the Notice Subclass also seek injunctive relief requiring Defendants to notify current and former California employees who worked for Defendants at any point from January 1, 2022 to the present and had one or more unlawful non-solicitation provisions in their contracts that such provisions are void and unenforceable.

43. Plaintiff and the Class and Notice Subclass also seek their attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On the First Cause of Action claim:
   a. For private and public injunctive relief;
   b. For reasonable attorneys' fees, including under California Code of Civil Procedure Section 1021.5;
   c. For costs of suit incurred; and
   d. For such other relief as this Court may deem proper and just; and
2. For himself and the Class and Notice Subclass on the Second Cause of Action:
   a. Certification of this action as a class action and appointment of Plaintiff and Plaintiff's counsel to represent the Plaintiff Class and Notice Subclass;
   b. Provision of class notice to Class and Notice Subclass members, as defined above;
   c. Compensatory damages according to proof;
   d. Pre-judgment interest on all sums collected;
   e. For injunctive relief as set forth herein;
   f. Reasonable attorney's fees and costs;
   g. Costs of suit; and

h. Such other and further relief as this Court may deem proper and just.

DATED: May 7, 2026

**KESSELMAN BRANTLY STOCKINGER LLP**
MAJED DAKAK
RYAN DAVIS

By: *_/s/ Majed Dakak_*
Majed Dakak

*Attorneys for Plaintiff,*
UMIT ASLAN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED: May 7, 2026

**KESSELMAN BRANTLY STOCKINGER LLP**
MAJED DAKAK
RYAN DAVIS

By: */s/ Majed Dakak*
Majed Dakak

*Attorneys for Plaintiff,*
UMIT ASLAN